Isaiah Young
(Name)
44750 60th Street
(Address)
Lancaster, CA 93539
(City, State, Zip)
BB5377
(CDCR / Booking / BOP No.)

FILED
CLERK, U.S. DISTRICT COURT
2/16/22
CENTRAL DISTRICT OF CALIFORNIA
BY: CS   DEPUTY

Received 2/15/22
(Date)
Scanned at LAC and E-mailed
on 2/16 by ul
(Date)   (Initials)
Number of pages scanned: 17

# United States District Court
## CENTRAL District of California

Isaiah Young
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

J. Mcduffy, P. Pulido
C. Greene, G. Miranda
J. Reoyo and A. Garcia

(Enter full name of each defendant in this action.)

Defendant(s).

CV22-1118-MEMF(AFM)

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. **Plaintiff**: This complaint alleges that the civil rights of Plaintiff, Isaiah Young, (print Plaintiff's name) who presently resides at 44750 60th Street Lancaster, California 93539, (mailing address or place of confinement) were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Los Angeles County State Prison, Lancaster (institution/place where violation occurred) on (dates) 02/05/2021, _____, and _____.
   (Count 1)   (Count 2)   (Count 3)

§ 1983 Form
(Rev. 8/15)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __Jazmine Mcduffy__ resides in __Los Angeles County__,
             (name)                                    (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

Defendant __Pedro Pulido__ resides in __Los Angeles County__,
             (name)                                    (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

Defendant __Craig Greene__ resides in __Los Angeles County__,
             (name)                                    (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

Defendant __Garen Miranda__ resides in __Los Angeles County__,
             (name)                                    (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

2½. Defendants:

Defendant __Joshua Reoyo__ resides in __Los Angeles County__,
            (name)                            (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in
                     (defendant's position)
his/her [X] individual [ ] official capacity. Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

Defendant __Ariel Garcia__ resides in __Los Angeles County__,
            (name)                            (County of residence)
and is employed as a __Correctional Officer__. This defendant is sued in his/her [X] individual [ ] official capacity. Explain how this defendant was acting under color of law: __Defendant was and is employed by CDCR and the actions taken by this officer on 02/05/2021 had no legitimate penological interest.__

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Freedom from Cruel and Unusual Punishment and/or Excessive Force. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On 02/05/2021 at roughly 6:35 pm Plaintiff was returning to his assigned cell after taking a shower. Plaintiff was housed on Facility B, Building 3, Cell 225. Using the B section stairs to arrive at the cell faster Plaintiff noticed c/o J. Mcduffy securing food ports on the upper tier, making her way towards cell 225 from A section. Plaintiff asked c/o Mcduffy if he could empty his trash can and c/o Mcduffy consented. After discarding the trash and upon returning to the cell Plaintiff realized c/o Mcduffy was conducting a cell search of cell 225 without the assistance of her partner, who was downstairs escorting medical staff in passing out medication. Plaintiff asked c/o Mcduffy why was she searching the cell, especially without her partner being present and knowing that the cell had been searched a couple days prior, Plaintiff asked her pointedly was she searching the cell out of harassment or was it retaliatory? c/o Mcduffy did not answer, because at that instance Plaintiff's cellmate entered the picture, which caused c/o R. Ibarra (Control Booth Officer) to come over the PA system to notify c/o P. Pulido that events were developing on the upper tier. c/o Pulido then discontinued escorting medical staff and ran up the stairs and attempted to order both Plaintiff's cellmate and Plaintiff downstairs, to which Plaintiff stated: "I can observe my living quarters being searched." Defendant Officer P. Pulido again ordered both Plaintiff's cellmate and Plaintiff to go down stairs, which we both then complied. As Plaintiff turned to comply by walking down the stairs Defendant Officer P. Pulido shoved Plaintiff in his back stating: "Hurry up." Plaintiff grabbed the stair railing to steady himself and prevent himself from falling down the stairs and turned towards Defendant Officer P. Pulido and stated: "Don't put your hands on me," but we did continue down the stairs as instructed Upon reaching the dayroom floor Defendant Officer P. Pulido begun spraying both

§ 1983 Form
(Rev. 8/15)

3

Count 1 (Continued):

Plaintiff's cellmate and Plaintiff in the back of their heads, strictly for the purpose of causing harm, for there was no legitimate penological interest which would justify the use of a chemical restraint for neither Plaintiff's cellmate nor Plaintiff were immediate threats and posed no danger to staff or any other inmates. Subsequently Plaintiff heard the audible building alarm being activated while being sprayed for no apparent reason. Due to the spraying Plaintiff slipped and fell to the ground face first, where Plaintiff remained. Plaintiff noticed Defendant Officer J. Mcduffy and Defendant Officer C. Greene advancing their way towards Plaintiff with their Monadnock MEB Expandable batons out in striking positions and upon them reaching Plaintiff's prone form, they began striking Plaintiff in the back and upon the back of Plaintiff's legs and arms. Defendant Officer J. Mcduffy and Defendant Officer C. Greene actions towards Plaintiff had no legitimate penological interest because their continual use with the batons could produce no behavioral modification for Plaintiff was already proned out from slipping and thus was not a security threat. As more and more responding staff entered the building Defendant Officer J. Mcduffy finally holstered her baton and got on top of Plaintiff's upper back attempting to use her weight to keep Plaintiff from being able to move, but she was effectively cutting off plaintiff;s oxygen. While Defendant Officer J. Mcduffy was crushing Plaintiff with her weight, Defendant Officer C. Greene was continuing to hit Plaintiff with his baton and Defendant Officer G. Miranda entered the scene and unholstered his baton and joined Defendant Officer C. Greene in striking Plaintiff all over the lower back, buttock and the back of the legs with no legitimate penological interest, because Plaintiff could not resist if he wanted to for Plaintiff believed that he was about to loss his life, especially with the pain from the blows and the lack of oxygen. Plaintiff became aware that another officer, Defendant Officer J. Reoyo had entered the scene and he unholstered his baton and began striking Plaintiff's lower back, buttock and back of the legs. Defendant Officer C. Greene stopped striking Plaintiff and began to restrain Plaintiff's leg. Defendant Officer J. Reoyo had no legitimate penological interest in striking Plaintiff for Plaintiff was already prone out with several officers assaulting him.

Count 1 (Continued):

Defendant Officer A. Garcia arrived at the scene where Plaintiff was being mercilessly beaten and joined the fray by unholstering his O.C. pepper spray and then stomping down on Plaintiff's left hand while simultaneously bending over and deliberately spraying Plaintiff on the left side of his face, where the spray seemed to have been concentrated on Plaintiff's left eye from mere inches away. Defendant Officer A. Garcia actions had no legitimate penological interest for Plaintiff was already subdued and had multiple staff assaulting him. Finally Defendant Officer J. Mcduffy seemed satisfied for she then stated in a loud voice: "That's enough, he has an eye problem." Plaintiff was then secured in wrist and leg irons and escorted by Defendant Officer C. Greene and Defendant Officer G. Miranda to the lower B section shower, but due to the shackling Plaintiff was unable to decontaminate. Upon being escorted to the gym Defendant Officer P. Pulido noticed Plaintiff's arrival and begun walking towards Plaintiff in an agressive manner, Defendant Office P. Pulido then grabbed Plaintiff by his shirt, while still hand cuffed and in leg irons, Defendant Officer P. Pulido stated: "Is this what you wanted you little bitch," and then Defendant Officer P. Pulido punched Plaintiff in the face. Here Defendant Officer C. Greene the intervened by grabbing Defendant Officer P. Pulido and syaing: "Cool off Pulido man."

Count 2: The following civil right has been violated: _____

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

_____

§ 1983 Form
(Rev. 8/15)

4

<u>Count 3</u>: The following civil right has been violated: _____
_____ (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

§ 1983 Form
(Rev. 8/15)

5

D. **Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____

(d) Issues raised: _____

(e) Approximate date case was filed: _____
(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.]? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

CDCR Form 602, Log #88797 was exhausted for the use of force on 06/19/2021. CDCR 602 HC, Log and Tracking #LAC HC 21000306 was exhausted for the deliberate indifference on 06/07/2021 and by the subsequent headquarters' review.

§ 1983 Form
(Rev. 8/15)

6

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

   _____
   _____
   _____
   _____

2. Damages in the sum of $ 250,000.00
3. Punitive damages in the sum of $ 250,000.00
4. Other: _____

F. **Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

G. **Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

2-15-22
Date

_____
Signature of Plaintiff

§ 1983 Form
(Rev. 8/15)

7

Isaiah Young
PLAINTIFF/PETITIONER/MOVANT'S NAME
BB5377
PRISON NUMBER

Los Angeles County State Prison (LAC)
PLACE OF CONFINEMENT

44750 60th Street Lancaster, Ca 93539
ADDRESS

# United States District Court
## CENTRAL District Of California

Isaiah Young,
            Plaintiff/Petitioner/Movant
    v.
J. Mcduffy, ET AL.,
            Defendant/Respondent

Civil No. _____
(TO BE FILLED IN BY U.S. DISTRICT COURT CLERK)

**MOTION AND DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS**

I, __Isaiah Young__, declare that I am the Plaintiff/Petitioner/Movant in this case. In support of my request to proceed without prepayment of fees or security under 28 U.S.C. § 1915, I further declare I am unable to pay the fees of this proceeding or give security because of my poverty, and that I believe I am entitled to redress.

**In further support of this application, I answer the following question under penalty of perjury:**
1. Are you currently incarcerated? ☒ Yes ☐ No    (If "No" go to question 2)
    If "Yes," state the place of your incarceration __Los Angeles County State Prison, Lancaster__
    Are you employed at the institution?    ☐ Yes ☒ No
    Do you receive any payment from the institution?    ☐ Yes ☒ No
    [Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of the trust account statement from the institution of your incarceration showing at least the last six months transactions.]

CIV-67 (Rev. 2/05)

I:\Everyone\1983\_IFP-form.wpd

2. Are you currently employed? ☐ Yes ☒ No
   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. __N/A__

3. In the past twelve months have you received any money from any of the following sources?:
   a. Business, profession or other self-employment         ☐ Yes ☒ No
   b. Rent payments, royalties interest or dividends        ☐ Yes ☒ No
   c. Pensions, annuities or life insurance                 ☐ Yes ☒ No
   d. Disability or workers compensation                    ☐ Yes ☒ No
   e. Social Security, disability or other welfare          ☐ Yes ☒ No
   e. Gifts or inheritances                                 ☐ Yes ☒ No
   f. Spousal or child support                              ☐ Yes ☒ No
   g. Any other sources                                     ☒ Yes ☐ No

   If the answer to any of the above is "Yes" describe each source and state the amount received and what you expect you will continue to receive each month. __I recieve some support from my immediate family members, but there is no set amount nor time of their giving. My family gives as they can or when I ask because of my indigence.__

4. Do you have any checking account(s)?   ☐ Yes ☒ No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

5. Do you have any savings/IRA/money market/CDS' separate from checking accounts?   ☐ Yes ☒ No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

6. Do you own an automobile or other motor vehicle?   ☐ Yes ☒ No
   a. Make:_____ Year:_____ Model:_____
   b. Is it financed? ☐ Yes ☐ No
   c. If so, what is the amount owed?

7. Do you own any real estate, stocks, bonds, securities, other financial instruments, or other valuable property?
   ☐ Yes  ☒ No
   If "Yes" describe the property and state its value.

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. __N/A__

9. List any other debts (current obligations, indicating amounts owed and to whom they are payable): __N/A__

10. List any other assets or items of value (specify real estate, gifts, trusts inheritances, government bonds, stocks, savings certificates, notes, jewelry, artwork, or any other assets [include any items of value held in someone else's name]): __N/A__

12. If you answered all of the items in #3 "No," and have not indicated any other assets or sources of income anywhere on this form, you <u>must</u> explain the sources of funds for your day-to-day expenses. __N/A__

I declare under penalty of perjury that the above information is true and correct and understand that a false statement herein may result in the dismissal of my claims.

_2-15-22_
DATE

_[signature]_
SIGNATURE OF APPLICANT

CIV-67 (Rev. 2/05)                      -3-                      I:\Everyone\1983\_IFP-form.wpd

If you are a **prisoner** you <u>must</u> have an officer from your institution provide this official certificate as to the amount of money in your prison account. <u>There are no exceptions to this requirement</u>.

## PRISON CERTIFICATE
(**Incarcerated applicants only**)
(To be completed by the institution of incarceration)

I certify that the applicant _____,
(NAME OF INMATE)

_____,
(INMATE'S CDC NUMBER)

has the sum of $_____ on account to his/her credit at _____

_____.
(NAME OF INSTITUTION)

I further certify that the applicant has the following securities _____

to his/her credit according to the records of the aforementioned institution. I further certify that **during the past six months** the applicant's *average monthly balance* was $_____,

and the *average monthly deposits* to the applicant's account was $_____.

<u>ALL PRISONERS **MUST** ATTACH A CERTIFIED COPY OF THEIR TRUST ACCOUNT STATEMENT SHOWING TRANSACTIONS FOR THE SIX-MONTH PERIOD IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT PER 28 U.S.C. § 1915(a)(2)</u>.

_____         _____
DATE                             SIGNATURE OF AUTHORIZED OFFICER OF INSTITUTION

                                _____
                                 OFFICER'S FULL NAME (PRINTED)

                                _____
                                 OFFICER'S TITLE/RANK

CIV-67 (Rev. 2/05)                    -4-                    I:\Everyone\1983\_IFP-form.wpd

## TRUST ACCOUNT WITHDRAWAL AUTHORIZATION
### (Incarcerated applicants only)

(This form **MUST** be completed by the prisoner requesting to proceed in forma pauperis. An incomplete "Trust Account Withdrawal Authorization Form," or "Prison Certificate" will result in automatic denial of the prisoner's request to proceed in forma pauperis.)

I, Isaiah Young, CDCR #BB5377 _____, request and authorize the agency holding me in
(Name of Prisoner/ CDC No.)
custody to prepare for the Clerk of the United States District Court for the Southern District of California, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) activity at the institution where I am incarcerated.

I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust fund account (or institutional equivalent) pursuant to any future orders issued by the Court relating to this civil action pursuant to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321 (1996).

This authorization is furnished in connection with a civil action filed in the Southern District of California, and I understand that, pursuant to 28 U.S.C. §§ 1914 and 1915(b)(1), the total amount of filing fees for which I am obligated is either ☒ $350 (civil complaint) or ☐ $5 (habeas corpus petition) (check one). I also understand that this fee will be debited from my account regardless of the outcome of this action. This authorization shall apply to any other agency into whose custody I may be transferred.

2-15-22
_____
DATE

_____
SIGNATURE OF PRISONER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Isaiah Young,
      Plaintiff

vs.

Jazmine Mcduffy, ET AL.,
      Defendant

Case No. _____

**DECLARATION OF SERVICE**

Person Served:
Office of the Court Clerk
Date Served: _____

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and xxx a party to this action; that I served the above named person the following documents:

in the following manner: (check one)

1)    By personally delivering copies to the person served.

2)    By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)    By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) X    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Lancaster State Prison on _____, 2022.

Executed on _____, 2022 at Lancaster, California.

Clerk of the U.S. District Court
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012
Central District of California

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)

JS 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Isaiah Young

### DEFENDANTS
J. Mcduffy, P. Pulido, C. Greene, G. Miranda, J. Reoyo and A. Garcia

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
8th Amendment to the U.S. Constitution

Brief description of cause: Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE 2-15-22

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____